# ORLEANS COUNTY,

---

## SANDERS *v.* SANDERS.

*Practice. Petition for divorce.*

In a petition for divorce, for the cause of severity, no particularity of specification is necessary; but if it be for cause of adultery, the petition should set forth the *particeps, and time and place of committing the offence,* and if not particularly set forth in the petition or libel, the libellee will be entitled to specifications before the testimony is taken.

But in a case where no such specification can be given, the party relying upon presumptive evidence of guilt with some unknown person, the court will excuse the party from giving a specification, setting forth the *particeps and time and place of committing the offence,* and only require a statement of the evidence relied upon.

BY THE COURT. This is a petition for divorce, for adultery, among other alledged causes. The specification in the libel is general, the guilty accomplice, or the time or place of the offence is not stated.

The libellee moves to dismiss the petition, for that cause.

We believe from the terms made use of in our statute, which was passed at a very early day nearly in the same terms, that it was intended, always to have the libel contain a specification of the cause alledged therein, for granting the decree. The words of the statute are, " Every libel shall state particularly the cause of complaint." This could have no just response in a libel expressed like the present, in the most general and indefinite terms. But such has been the almost universal practice in this court, for the last twenty years. And I recollect a decision in this county in the case of *Chadwick* v. *Chadwick,* as early as the year 1830, in

XXV.  46

Sanders *v.* Sanders.

which it was decided by this court, that in a libel for divorce for the cause of severity, no particularity of specification was necessary.

But in regard to the charge of adultery it was held, during the last year, in the County of Windsor, that the libellee was entitled to a specification, either in the libel or separately filed in court, stating the particeps, and time and place of committing the offence, before the testimony was taken, if insisted upon at the earliest opportunity. And in a case where no such specification could be given, but the party relied upon presumptive evidence of guilt with some unknown person, the court would always excuse the party from giving such specification, and only require in such case, a statement of the evidence relied upon.

We think, therefore, the motion to dismiss must be overruled, and the libellant required to file a specification of the charge of adultery, unless he choose to abandon it, in thirty days.