FLORENCE HEMENWAY

v.

FRANK P. HEMENWAY.

LAMOILLE COUNTY, 1893.

Before: ROSS, CH. J., ROWELL, MUNSON AND START, JJ.

*Divorce for wilful desertion. Time of bringing petition.*

A divorce for wilful desertion may be granted upon a petition
    brought before the expiration of the three years, provided
    that period has fully run before the trial.

Libel for divorce. Heard at the December term, 1892, TAFT, J., presiding. Libel dismissed. The libellant excepts.

*H. F. Brigham* for the libellant.

The opinion of the court was delivered by

ROSS, Ch. J. This case presents the question whether a divorce for wilful desertion can be granted on a petition brought before the three years have expired, when that time has fully expired at the time of the hearing. By R. L. 2,362 it is provided that a divorce from the bonds of matrimony may be granted for wilful desertion for three consecutive years. The cause is not complete until the end of that time. If during that time, even to the last day, the deserting party, in good faith, returns and offers to resume the marital relation, the cause would be defeated. At common law, and usually under statute law, a suit cannot be instituted until the cause is complete. But this statute was so construed when jurisdiction of divorces was in this court as to allow a divorce, if the cause was complete at the time of hearing, although it was incomplete at the time the libel was served. Under that construction the practice grew up of frequently bringing the libel before the expiration of the three consecutive years. This practice has continued to the present time and no practical inconvenience has arisen from it. If the construction was unwarranted, presumably it would have been corrected by legislation. Divorce proceedings are of the nature of session proceedings, and not subject to the ordinary rules of pleading and practice. Usually there are no pleadings except the libel. The libel is not required to conform to the common law rules in regard to declarations. The libel is frequently helped by rule for specifications. The libellee frequently does not appear. When he does appear without any plea he may show any fact that will defeat the libellant, such as condonation or recrimination or former adjudication. *Mitchell* v. *Mitchell*, 11 Vt. 134; *Booth* v. *Booth*, 11 Vt. 206; *Blain* v. *Blain*, 45 Vt. 538; *Stearns* v. *Stearns*, 10 Vt. 540; *Shackett* v. *Shackett*, 49 Vt. 195; *Foster* v. *Redfield*, 50 Vt. 285; *Bur-*

*ton* v. *Burton*, 58 Vt. 414. From these cases it is apparent that other interests than those of the parties, that of minor children and of the public, are to be regarded in trial of divorce suits, and that the court has considerable discretionary power. From all that has been said in the decisions of this court in divorce cases they may be regarded as exceptional, and not subject to the usual rules of pleading and practice. No right of the libelee is disregarded or curtailed by allowing, as has been the practice, the libel for a divorce for wilful desertion to be ·brought before the completion of the three consecutive years. If the libellee returns in good faith within the three years, after the commencement of the proceedings, he as fully defeats the cause as he would if no proceedings had been instituted. The practice has been so long sanctioned that it has become unwritten law. If it would better comport with the ordinary rules of pleading and practice to hold that no libel shall be brought until the cause has fully accrued, after the practice for so many years the other way has been sanctioned by this court and by the county court, we think it would be better and more in accord with established usage for the legislature to change it if change is needed.

*Exception sustained, judgment reversed, and inasmuch as the trial court has not certified that it found the marriage and residence proved, the cause is remanded.*

Munson, J., dissents.