**Olga OGROD, a/k/a Olga Ogrodnicki**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

**Civ. A. No. 75–2143.**

United States District Court, E. D. Pennsylvania.

Sept. 29, 1975.

Olga Ogrod, pro se.

Lawrence Silver, Philadelphia, Pa., for defendant.

### OPINION AND ORDER

FOGEL, District Judge.

Plaintiff, Olga Ogrod, brings this action against the Commonwealth of Pennsylvania, seeking to vacate a Final Decree of Divorce entered in the Pennsylvania Court of Common Pleas, Philadelphia County on January 19, 1974. The complaint alleges that Plaintiff's right to due process under the fourteenth amendment to the Constitution has been

denied by the Commonwealth's entry of the divorce decree and subsequent denial of leave to appeal that judgment.[1]

Although no basis for jurisdiction is set forth, we may assume from the pleadings before us that the action is grounded directly upon the fourteenth amendment and, accordingly, jurisdiction is based upon Title 28 U.S.C. § 1343(3).[2]

 The Commonwealth has filed a motion to dismiss the complaint under the Federal Rules of Civil Procedure 12(b); defendant advances the dual arguments that this Court lacks jurisdiction under the doctrine of sovereign immunity as embodied in the eleventh amendment, and that the complaint fails to state a claim under which relief can be granted. Because we shall grant the motion under the provisions of the eleventh amendment, we need address the jurisdictional question only.

The facts may be summarized as follows: On June 6, 1972, Plaintiff brought an action for divorce in the Common Pleas Court of Pennsylvania which was not contested. Subsequent to the Master's hearing which she attended, Plaintiff apparently learned for the first time that she would not be entitled to alimony upon the entry of a final decree of divorce.[3] She then attempted to have the Master delay the filing of his report, but that document was filed, and signed and approved by the Court on or about January 11, 1974. As a result, a Final Decree of Divorce was entered. Her several appeals to the courts of the Commonwealth of Pennsylvania proved unsuccessful. Hence, this action is one in which she seeks relief from this Court.

The eleventh amendment to the Constitution of the United States provides as follows:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although the literal wording of this amendment makes it inapplicable to this case, since Plaintiff *is* a citizen of Pennsylvania, it is well established that a State which has not consented to be sued is equally immune from actions brought in federal courts both by its own citizens and by citizens of another State. *Edelman v. Jordan,* 415 U.S. 651, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974); *Employees of the Department of Public Health and Welfare v. Missouri Department of Public Health and Welfare,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973); *Parden v. Terminal Railway,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Of course, a State may waive sovereign immunity, *Petty v. Tennessee-Missouri Bridge Comm'n,* 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959); however, there is no basis upon which we may conclude that the Commonwealth of Pennsylvania has waived its immunity in the case at bar; indeed, plaintiff has not even alleged such consent. We recognize that the Commonwealth has abolished the doctrine of governmental immunity, thereby making subdivisions of the state government such as municipalities amenable to suit. *Ayala v. Philadelphia Board of Education,* 453 Pa. 584,

---

1. The Complaint also alleges discrimination based upon sex, in violation of the Equal Rights Amendment, Pa.Const. art. 1, § 28.

2. Of course, 28 U.S.C. § 1331 would also be a proper basis for jurisdiction if the necessary amount in controversy were alleged, but

we need not address the issue of the relationship between § 1343(3) and § 1331, since it is not material to this motion.

3. Pennsylvania law generally makes no provision for permanent alimony, except for specific exceptions. 23 P.S. §§ 47, 48 (Supp. 1975).

305 A.2d 877 (1973). However, the quite different concept of sovereign immunity has been steadfastly maintained by the Supreme Court of Pennsylvania despite several recent assaults upon the doctrine. *Specter v. Commonwealth,* Pa., 341 A.2d 481 (1975); *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973); *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973).

Although it is averred by Plaintiff that the doctrine of sovereign immunity, as embodied in the eleventh amendment, cannot protect a state from a suit which arises under the Constitution, the law is clearly to the contrary. *Parden v. Terminal Railway, supra; Hans v. Louisiana, supra.*

Thus, because we lack the power to entertain this suit, we must grant the Motion of the Commonwealth to dismiss the action. An appropriate Order will be entered accordingly.