## Elaine P. Young v. Sidney E. Young

[349 A.2d 225]

No. 28-75

Present: **Barney, C.J., Smith, Daley, and Larrow, JJ. and Gregg, D.J.** (Specially Assigned)

Opinion Filed December 9, 1975

88

*Theodore S. Mandeville, Jr.,* of *Bishop & Crowley, Inc.,* Rutland, for Plaintiff.

*Bloomer & Bloomer,* Rutland, for Defendant.

Daley, J. The plaintiff was granted a divorce from the defendant by the Rutland Superior Court on December 26, 1974. The defendant does not challenge the divorce itself in his appeal here, but he raises several issues relative to the lower court's decision requiring equal division of the substantial real and personal properties acquired by the parties during their marriage and the procedures by which this division is to be carried out.

Some of the issues now before us were presented to the court below by the defendant's motion, dated December 27, which was never heard. While a hearing in that forum undoubtedly would not have precluded subsequent appeal, certainly the defendant's confusion caused by the existence of two sets of findings of facts and conclusions of law in this case could have been cleared up. The prior set, filed November 14, was essentially a prelude to a judgment order to be drawn by counsel for the plaintiff. Containing no order granting or denying a divorce, it did not settle "the rights of the parties on the issues made by the pleadings." *Woodward* v. *Porter Hospital,* 125 Vt. 264, 265, 214 A.2d 67 (1965). The second set, which contains the order granting the divorce and from which the appeal lies, supersedes the first and is controlling for purposes of review.

Furthermore, comparison of the two sets reveals that the rights of the defendant have in no way been impaired or prejudiced. The dual findings and conclusions are identical in substance.

■ The defendant contends that the order requiring equal division of the properties must also be reversed because it is based upon a false premise. In support of this argument, he points to two conclusions of law made by the lower court:

That the absence of liquidity places both parties in a very precarious financial position, and the Court concludes *therefore*, that the properties owned by the parties should be equally divided between them. (Emphasis added.)

That the only liquid asset is the securities.

We will not speculate as to the intent of the lower court underlying the first conclusion. By either of its two possible plain meanings, it is a non sequitur. Neither the absence of liquidity nor the parties' precarious financial position by themselves justify equal division.

■ Nor are either among those factors set forth in 15 V.S.A. § 751. Under that statute, in disposing of the property subsequent to the granting of a divorce, when there are no minors involved, the court should consider the respective merits of the parties, the condition in which a divorce would leave them, and the party through whom the property was acquired. It is vested with wide judicial discretion in this area, and the burden is on an appellant to show that this discretion was wrongfully exercised. *van Loon* v. *van Loon*, 132 Vt. 236, 238, 315 A.2d 866 (1974); *Lafko* v. *Lafko*, 127 Vt. 609, 617, 256 A.2d 166 (1969).

The trial court's conclusion concerning the absence of liquidity is a legally insufficient basic reason for ordering equal division of the properties. While the same result might have been, and still may be, reached without this conclusion, and while some findings were made that show that the § 751 factors were considered, it would work an injustice on the defendant to allow that order to stand where the absence of liquidity apparently received greater consideration. See *Strong* v. *Strong*, 123 Vt. 243, 245–46, 185 A.2d 924 (1962).

■ Also a part of the motion below, and raised on appeal here, is the defendant's contention that certain of the

90 

property division procedures are too ambiguous. The court ordered

> an immediate equal division of the securities with the exception of those two stocks which are personal to the defendant for which he shall make allowance in such division with the plaintiff. Such division to be accomplished by the parties through their attorneys inasmuch as the total value of the securities changes from day to day.

We agree with the defendant that the division should not be accomplished by the parties through their attorneys; this is a matter which can properly be decided in open court upon a disclosure of the stocks' value, compelled from the defendant if necessary. We can readily conceive a dispute arising over the value of the defendant's personal stocks and the other securities to be divided as well as to the nature and amount of the allowance to be made.

█ The court also found that there were outstanding taxes and insurance bills against the real estate. It awarded possession of the main household and certain property to the plaintiff for a winter; all the property, with the exception of two automobiles, sold by July 1, 1975; and all property not sold at a price acceptable to both parties by that date sold at an auction during the month of July. There was a requirement that "taxes and insurance outstanding shall be paid jointly by the parties, each bearing one-half of the present expense."

Endless arguments could be made, and innumerable contempt petitions brought, because of the ambiguities produced by these provisions. For example, is the defendant to pay only those taxes and insurance premiums on the real estate or on the other property as well? While plaintiff is to pay "all necessary expenses for the upkeep of the property during the period in which she has possession", when does the "winter" end?

Both parties are in agreement that Finding No. 13, that the defendant's expenses are more than $225.00 a week and that the plaintiff's are about the same, is not supported by the evidence. This error can be cured at the new hearing neces-

sary to obtain a supportable order disposing of the properties and unambiguous procedures for implementing that disposition.

*Decree of divorce is affirmed, but the cause is remanded for hearing in accordance with the views expressed in this opinion.*