# Rosalie Condosta v. Guido Condosta

[395 A.2d 345]

No. 68-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

*Robert Grussing, III,* Brattleboro, for Plaintiff.

*Charles D. Carrington,* Arlington, for Defendant.

*Guido Condosta,* Bernardston, Massachusetts, *pro se.*

**Larrow, J.** The defendant below appeals from a divorce judgment awarded his wife. The action was brought originally on the ground of intolerable severity, and an allegation, denominated "anticipatory," of six months separation without reasonable probability of resumption of the marital relationship. Defendant for the most part represented himself below, with the not unusual result that the docket entries alone, in the trial court, are some eight pages in length. A review of the record demonstrates that he received full and considerate hearing on all the points he sought to raise. Following trial on the merits, the trial court filed extensive findings of fact, none of which are questioned seriously here. Although the findings contain ample basis for awarding the judgment on

the ground of intolerable severity, the order granted the judgment on the ground of six months separation. No child custody was involved, the four children of the parties having attained majority. No alimony was awarded. The home premises of the parties, with furnishings, were awarded to the plaintiff, and defendant was permitted to retain some $16,000–$17,000 realized from the proceeds of a lawsuit against his public utility. Defendant was ordered to pay a total of $600 attorney fees.

The claims advanced by the defendant on appeal are not easily categorized. We will consider them in what seems to us logical order.

■ On November 1, 1976, defendant filed with the clerk of the Windham Superior Court a purported notice of appeal from orders relating, *inter alia,* to withdrawal of counsel, disqualification of judges, and a motion to amend a prior order. The accompanying fee was returned by the clerk, on instructions of the presiding judge, "because your right to appeal before the case has been completed has been denied." We agree with defendant that this action was inappropriate, and that determination of the validity of an appeal is a matter for determination by this Court, upon proper motion. But no prejudice is made to appear. All the rulings brought into question were interlocutory in nature, and no permission to appeal was ever asked or granted under V.R.A.P. 5(b)(1). Absent such a request, and with, of course, no motion in this Court after a trial court denial, the attempted appeal would have been dismissed anyway on motion here. *Adams* v. *Wright,* 133 Vt. 481, 346 A.2d 217 (1975).

■ A second claim of error below, involved also in the attempted appeal discussed *supra,* is the refusal of members of the trial court to disqualify themselves upon defendant's motion claiming prejudice against him. The record is virtually barren of factual support for this motion. It is based upon a claimed, and denied, allegation that the plaintiff, with her attorney, was in chambers with the court just before the temporary hearing, in the absence of the defendant who was waiting in the courtroom. Beyond a general allegation that this must involve factual knowledge obtained outside the

record, condemned in *Siebert* v. *Siebert,* 124 Vt. 187, 191–92, 200 A.2d 258, 261 (1964), there is no record showing of what this evidence was or what prejudice may have resulted from its acquisition. Bias or prejudice is not made to appear solely by allegation, and disqualification is not here required. *State* v. *Beshaw,* 134 Vt. 347, 351, 359 A.2d 654, 656–57 (1976). Moreover, as a result of the tortuous history of this case in the trial court, the presiding judge against whom the motion was directed did not participate in the hearing on the merits. Neither did one of the assistant judges, so that the motion eventually related only to one assistant judge. Nothing in the record is pointed out to us as indicating prejudice, and our search of the record, not required under our rules, reveals nothing of a prejudicial nature. This claim of error is not sustained.

Defendant seems to place his greatest stress in his argument here upon the plaintiff's "anticipatory" allegation of six months separation in her original complaint, coupled with an allegation of intolerable severity. As nearly as we can analyze his argument, he contends (1) that the court should have granted his motion to dismiss for failure to state a cause of action; (2) that there was error in granting the judgment of divorce without amendment of the "anticipatory" allegation, thus depriving him of notice of the basis for relief asserted; and (3) that by granting his wife temporary use and occupancy of the home, the court in effect created the cause of action for which it granted the divorce.

 A cause of action was stated by the original complaint, without reference to the anticipatory allegation of separation; intolerable severity was alleged. Defendant argues that this additional allegation was also defective, because it did not set forth the specific acts claimed to constitute intolerable severity. V.R.C.P. 80(b) might seem to support this contention, requiring as it does that a divorce complaint "state particularly the factual basis of the claim." But long practice, under a statute with similar wording, has been the opposite, based upon the peculiar nature of the divorce action. *Sanders* v. *Sanders,* 25 Vt. 713 (1853); *Hemenway* v. *Hemenway,* 65 Vt. 623, 27 A. 609 (1893); *Raymond* v. *Raymond,* 120 Vt. 87, 91, 132 A.2d 427, 429–30 (1957). The underlying reasoning seems to be

that the rights of the parties are protected adequately by obtaining particulars, if desired, by motion, and the absence of legislation mandating any other type of procedure. More particularity may now be obtained, if desired, under V.R.C.P. 12(e), a motion procedure to which defendant, despite his many other motions, did not resort. He did move to depose the plaintiff, and the motion was granted. No error appears in denying defendant's motion to dismiss. Further, while it might have been preferable procedure for the trial court to require an amendment of the anticipatory allegation of continued separation, under V.R.C.P. 15(b), we can see no prejudice to defendant from a failure to do so. The record amply demonstrates that there was no lack of notice to defendant that this was an issue; it was litigated and argued at great length. The issue having been fully tried, failure to amend does not affect the result. V.R.C.P. 15(b). We are not, moreover, in the light of long continued practice in our trial courts, inclined to overrule *Hemenway* v. *Hemenway, supra,* clearly applicable by analogy here. Under a former statute requiring a stated period of desertion, this Court held in *Hemenway* that anticipatory pleading of desertion was not subject to dismissal, even though unamended. Except for deletion of the word "anticipatory," the allegation would have remained unchanged. Long before final hearing, it had become evident that this word was mere surplusage, and its deletion would have verged upon the "useless act" that we do not require. See *Raymond* v. *Raymond, supra,* 120 Vt. at 92, 132 A.2d at 430.

Defendant's argument that the court created the cause of action upon which it granted the divorce is an ingenious one. It ignores, however, several factors. Apart from the fact that it would preclude awarding the use of home premises to a plaintiff separated from a spouse, unless and until the full six months separation has run its course, it also assumes that such living together as might defeat the grounds of separation can only occur upon the home premises. From the findings here it is clear that the plaintiff only concluded that she had "reached the end of her rope" after raising four children to majority through many years of marital discord. This is what brought about the divorce, not the ordering of the defendant from the home premises. And again, the argument overlooks

the other pleaded ground, that of intolerable severity, simply stating with respect to it that it was "absent." Our review of the record, as we have indicated, confirms its presence, rather than its absence, even though the court, as is now customary, based its judgment on the ground generally considered to carry less connotation of opprobrium. Further, the order awarding temporary use of the premises is interlocutory in nature, appealable only under V.R.A.P. 5, to which defendant did not resort. As of now, superseded by the final judgment, its provisions are moot.

■ Defendant attacks the award of the home premises of the parties, valued at $25,000–$30,000, to the plaintiff. The premises are not encumbered. His attack seems to be on two general grounds. The first is that the court considered the general question of alimony (although it awarded none) in making distribution of the property, when the original complaint contained no prayer for alimony. He cites *Nichols* v. *Nichols,* 133 Vt. 370, 340 A.2d 73 (1975). His second contention seems to run to the general question of overall fairness, implying, at least, that there was abuse of discretion. Both claims are without merit.

Whatever the present force of *Nichols,* it does not govern here. On almost identical facts to those here we have held *Nichols* to be inapplicable. In *Bero* v. *Bero,* 134 Vt. 533, 367 A.2d 165 (1976), we held the *Nichols* rule inapplicable where a division of property and "further relief" had been requested. Here also such a division was requested by the plaintiff, as was further relief. Here, as there, lump sum alimony was requested, and contested, during the trial. And here, defendant's own requests contained one for equal division of the property. It would seem that only an undesired result prompts the protest here, rather than any legitimate criticism of the method by which it was reached. Moreover, alimony was not awarded, and the trial court refused to find defendant in contempt for ignoring the initial order for temporary alimony, under which he made no payments at all. The sole relief afforded the plaintiff was in the property division, and an award of attorney fees. If the temporary order, unappealed from, was invalid, that issue is now moot.

■ We have repeatedly upheld the wide range of discretion given the trial court in regard to property disposition in a divorce action. 15 V.S.A. § 751; *LaFarr* v. *LaFarr*, 132 Vt. 191, 193, 315 A.2d 235, 236 (1974). The ultimate test is that the disposition be just and reasonable, and an important factor to be considered is the condition in which the divorce leaves the parties. *Young* v. *Young*, 134 Vt. 87, 89, 349 A.2d 225, 227 (1975). Inclusion in consideration of a tort settlement made *pendente lite* is proper. *Bero, supra*.

■ In the instant case, the homestead premises were financed in part by the proceeds of an insurance settlement, effectuated when the previous residence was destroyed by fire. The labor of the defendant was a large factor. The plaintiff worked on the construction, as did the children and neighbors. Defendant claimed some right of payment, and filed a mechanic's lien for his labor, which he did not perfect. The plaintiff, living in the home, is assisted in meeting her needs by payments made by two daughters who reside with her. In total, plaintiff has annual income, largely Social Security, of about $1,700. Defendant, who has invested the proceeds of his litigation, has annual income from this and from Social Security aggregating some $3,500. In the more than three years since this suit began, he has furnished plaintiff $170, and that unwillingly.

In light of the foregoing, the length of the marriage, and its stormy course over many years, we are not disposed to disturb the judgment of the trial court. Even without any employment, defendant is left with more than twice the income of the plaintiff. No abuse appears, and the property disposition must stand. *LaFarr* v. *LaFarr, supra*.

■ Defendant's last claim of error, if we have correctly analyzed his arguments, relates to the allowance of $600 attorney fees against him. He seems to assign no specific grounds of error, beyond a claim that the attorney withheld facts from the court. This in turn seems to be premised upon his argument that the allegations of the original complaint were insufficient, which we have discussed and disposed of, *supra*. In *Winslow* v. *Winslow*, 127 Vt. 428, 434, 251 A.2d 419, 423 (1969), we emphasized the wide range of judicial dis-

cretion inherent in the awarding of attorney fees. Certainly no abuse of that discretion is here made to appear; the error, if any, is on the other side of the ledger when the record is viewed in its entirety.

*Judgment affirmed.*