# Frances D. Ragosta v. Joseph J. Ragosta, Sr.

[465 A.2d 228]

No. 82-409

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed June 7, 1983

Motion for Reargument Denied June 20, 1983

108

*Glenn S. Morgan* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff-Appellee.

*Joseph J. Ragosta, Sr.*, pro se, Rutland, Defendant-Appellant.

**Billings, C.J.** The defendant below appeals from a divorce judgment awarded his wife in December of 1981. In October of 1979, plaintiff brought the action on the ground of intolerable severity, and an "anticipatory" allegation of six months separation without reasonable probability of resumption of the marital relationship. In February of 1981, plaintiff was granted permission to amend her complaint to delete the word "anticipatory" from the six months separation ground. A hearing on the merits was held on October 19 and 20, 1981; present were plaintiff, plaintiff's attorney, and counsel for defendant. Defendant himself did not attend, although through counsel he did submit an eight-page letter detailing his jurisdictional objections and his defenses, and giving his counsel specific instructions not to participate in the hearing except to read defendant's letter into the record. Defendant's counsel complied with these instructions; he read the letter into the record, had it admitted as an exhibit, and thereafter did not participate in the proceedings.

On December 11, 1981, the court issued its findings of fact,

conclusions of law and order. The findings indicate that the parties were married in August of 1969, after having lived together for seven years. They had three children prior to their marriage, only the youngest of whom was a minor at the time of the court's order. The court found that the parties "ceased marital relations some time in December of 1978 and stopped sharing the same bedroom in November of 1979." Plaintiff last spoke to defendant in August of 1979, when she advised him she wanted a divorce. In February of 1980, as a result of a temporary hearing, defendant was removed from the marital home by court order.

Although the findings amply support a claim of intolerable severity, the order granted the judgment on the ground of six months separation. The court awarded custody of the one minor child to plaintiff, and ordered defendant to pay $40 weekly in child support. No alimony was awarded. The marital assets were split evenly between the parties, and the court ordered defendant to pay plaintiff child support arrearages. On appeal defendant raises several claims of error, which we will consider in turn.

First, defendant argues that the divorce decree was based on plaintiff's perjured testimony or false assertions, and thus cannot stand. Particularly, he points out that in one paragraph of the complaint, filed in October of 1979, plaintiff alleged that the parties "live together as husband and wife," while elsewhere in that document she asserted that she "has lived apart from defendant for six (6) consecutive months (anticipatory) and the resumption of marital relations is not reasonably probable." He points out that the 1981 amendment deleting the word "anticipatory" merely exacerbated the problem, for it left the complaint with facially contradictory allegations. Finally, at trial plaintiff testified that she and defendant had "ceased marital relations" in December of 1978, and the court so found, notwithstanding plaintiff's admission in her 1979 complaint that the parties were then living together. For these reasons defendant claims prejudicial error.

A review of the record, however, indicates no basis for defendant's claim that plaintiff knowingly made any false statements. The parties' marital history is complex, and the relationship clearly degenerated over a period of years. The court found, based on plaintiff's credible testimony, that at

the time she filed her complaint the parties had ceased marital relations and had stopped talking to each other. One month after the filing they ceased sharing a bedroom, and three months later defendant was forcibly removed from the home, having ignored plaintiff's repeated entreaties to leave voluntarily. In December of 1981, the court correctly found that the parties had been living separate and apart for a period exceeding six consecutive months.

Clearly, litigants in divorce actions have long been permitted to file for divorce by alleging anticipatory grounds therefor. *Condosta* v. *Condosta*, 136 Vt. 360, 363–64, 395 A.2d 345, 347 (1978) ; *Hemenway* v. *Hemenway*, 65 Vt. 623, 27 A. 609 (1893). What is required is that, at the time of the hearing on the merits, the complainant must be able to prove sufficient facts to make out the claim alleged in the complaint. *Condosta* v. *Condosta, supra; Hemenway* v. *Hemenway, supra.* Here, plaintiff proved at trial that the parties had lived apart for the statutory period. While it might have been preferable for plaintiff to amend her complaint to indicate that the parties no longer lived together as husband and wife, we can see no prejudice to defendant in her failure to do so.

Defendant next argues that plaintiff's complaint is legally deficient in that it fails to "state particularly the factual basis of the claim[s]" alleged. V.R.C.P. 80(b). He cites language in the case of *Gerdel* v. *Gerdel,* 132 Vt. 58, 313 A.2d 8 (1973), to support his contention that absent such factual particularity, the complaint was insufficient to grant the trial court the requisite statutory power to adjudicate the cause. We stated in *Gerdel* that, with regard to venue provisions contained in 15 V.S.A. § 593, "the availability of the statutory remedy of divorce is closely conditioned upon meeting the procedural requirements outlined in the divorce statutes." *Id.* at 64, 313 A.2d at 11. Defendant argues by analogy that the power of the court to grant a divorce for six months separation under 15 V.S.A. § 551(7) depends upon the complainant's compliance with the particularity requirement of V.R.C.P. 80(b).

However, the rule of *Gerdel* is wholly inapposite to the instant case. There we held the venue provision governing

all divorce actions to be a jurisdictional requisite, nonwaivable and binding. In contrast, at issue here is the longstanding practice, based upon the peculiar nature of the divorce action, to allow complainants simply to state the legal grounds for their actions, notwithstanding the rule's requirement of particularity. *Condosta* v. *Condosta, supra,* 136 Vt. at 363, 395 A.2d at 347 (citing *Raymond* v. *Raymond,* 120 Vt. 87, 91, 132 A.2d 427, 429–30 (1957) ; *Hemenway* v. *Hemenway, supra; Sanders* v. *Sanders,* 25 Vt. 713 (1853)). As this Court pointed out in *Condosta,* where this same issue was raised:

> The underlying reasoning [for not requiring particulars in divorce complaints] seems to be that the rights of the parties are protected adequately by obtaining particulars, if desired, by motion, and the absence of legislation mandating any other type of procedure. More particularity may now be obtained, if desired, under V.R.C.P. 12 (e) . . . .

*Condosta* v. *Condosta, supra,* 136 Vt. at 363–64, 395 A.2d at 347–48.

As in *Condosta,* defendant here did not move for a more particular statement as outlined above. Instead he complained of this issue by way of a motion to dismiss, V.R.C.P. 41 (b) (2), a motion for extraordinary relief, V.R.A.P. 21, and a motion entitled "Affirmative Defense and Memorandum of Law Opposing the Legality Upon Which the Instant Action Was Commenced and the Defendant's Right to Remedy and Redress Pursuant to the U.S. Constitution and the Laws of Vermont." Each of these motions was properly denied and no appeals therefrom were filed. Defendant did, however, file discovery motions, with which plaintiff complied, and there appears to have been no lack of notice to defendant as to the factual bases for plaintiff's allegations. For these reasons defendant's second claim must fail.

Defendant's third claim is that since he refused to leave his home voluntarily, but rather was forcibly removed by court order, the court itself created the cause of action (separation) upon which it granted the divorce. This argument, propounded unsuccessfully by the defendant in *Condosta,* fails for the same reasons outlined in that earlier case. There we stated that:

Defendant's argument . . . is an ingenious one. It ignores, however, several factors. Apart from the fact that it would preclude awarding the use of home premises to a plaintiff separated from a spouse, unless and until the full six months separation has run its course, it also assumes that such living together as might defeat the grounds of separation can only occur upon the home premises. From the findings here it is clear that the plaintiff only concluded that she had "reached the end of her rope" after . . . many years of marital discord. This is what brought about the divorce, not the ordering of the defendant from the home premises. . . . Further, the order awarding temporary use of the premises is interlocutory in nature, appealable only under V.R.A.P. 5, to which defendant did not resort. As of now, superseded by the final judgment, its provisions are moot.

*Id.* at 364–65, 395 A.2d at 348.

■■ Defendant proposes yet another argument to defeat the jurisdiction of the trial court, that plaintiff failed to comply with the requirement of V.R.C.P. 80(e) for a certified marriage certificate to be filed prior to the placement of the cause on the trial calendar. This issue was not raised below, and as such will not be considered for the first time on appeal. *Hojaboom* v. *Town of Swanton,* 141 Vt. 43, 53, 442 A.2d 1301, 1306 (1982). Nevertheless, we note that plaintiff introduced a certified copy of the marriage certificate during the trial, and that it was admitted into evidence without objection. Defendant thereby waived any potential claim of error at that time.

Defendant's final argument concerns two orders of the trial court, the first denying his motion to dismiss plaintiff's complaint for failure to comply with the specificity requirements of V.R.C.P. 80(b), and the second granting plaintiff's motion to amend her complaint to delete the term "anticipatory." Defendant contends that the superior judge sat alone when he heard these motions, issued the orders only under his own signature, and therefore did not constitute a statutory court. 4 V.S.A. §§ 111a and 112; *Suitor* v. *Suitor,* 137 Vt. 110, 400 A.2d 999 (1979). These interlocutory orders were not ap-

pealed from, and are therefore beyond the scope of our review. *Hojaboom* v. *Town of Swanton, supra.*

Nevertheless, a review of the record and the challenged orders indicates no error. With regard to the motion to dismiss, on the face of the order it is stated: "Assistant Judges Not Available." 4 V.S.A. § 112 provides that a presiding judge "may try and determine a cause pending . . . when the other judges . . . are otherwise unavailable." As nothing appears to the contrary, we will presume that at the time this motion was heard and ruled on, the unavailability of the assistant judges was within the provisions of that statute. Moreover, the order granting plaintiff's motion to amend was signed not only by the presiding judge, but by the two assistant judges as well. Accordingly, no error appears.

*Judgment affirmed.*