*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-096

AUGUST TERM, 2011

| | |
|---|---|
| Melissa Dame | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Chittenden Unit, |
| | } Family Division |
| | } |
| Victor Hall | } DOCKET NO. F573-7-06 Cndm |

Trial Judge: Matthew I. Katz

In the above-entitled cause, the Clerk will enter:

Husband appeals the denial of his Rule of Civil Procedure 60(b) motion to invalidate a 2007 final order of divorce. Husband argues that the divorce complaint was based on a false claim and therefore the divorce should be declared invalid. We affirm.

The record reveals the following facts. Wife filed a complaint for divorce on July 21, 2006, following a seven-year marriage that produced one child. As grounds for the divorce, the complaint alleged that the parties had lived separate and apart for six consecutive months and that resumption of marital relations was not reasonably probable. The complaint listed the date of separation as February 12, 2006.

The final hearing was held on March 2, 2007 and the court issued a final divorce order the same day, stating that the parties had lived separate and apart for six months and resumption of marital relations was not probable. See 15 V.S.A. § 551(7) (listing as a ground for divorce "When a married person has lived apart from his or her spouse for six consecutive months and the court finds that the resumption of marital relations is not reasonably probable."). The court granted sole legal and physical rights and responsibilities to wife and granted husband "no contact . . . due to pending felony charges against [husband] concerning allegations of sexual assault and related offenses against a minor." The divorce order was not appealed.

Since then, husband has filed numerous motions attacking the validity of the divorce and seeking parent-child contact. Husband remains incarcerated following a guilty plea to the criminal charges. This appeal stems from a motion filed on December 7, 2010, in which husband moved to vacate the divorce judgment pursuant to Rule 60(b)(4). Husband alleged that the divorce was invalid because wife had lied in the divorce complaint regarding the period of the parties' separation. On January 3, 2011, the court denied the motion, explaining that even husband's version of the facts provided grounds for divorce based on the parties' separation. On January 21, 2011, husband filed a renewed motion to vacate the divorce, reiterating that the final divorce was invalid because the six-month separation period had not elapsed prior to the time wife filed for divorce. The court denied this motion on February 8, 2011, and husband filed a notice of appeal.

On appeal, husband contends that wife's divorce complaint falsely stated that the parties had lived separate and apart for six months and that they had separated on February 12, 2006. According to husband, the parties did not separate until May 2, 2006. Thus, husband argues that when wife filed her complaint on July 19, 2006, the six-month separation period had not passed and the family court lacked jurisdiction to entertain the divorce proceeding.

At the outset, we emphasize that our review in this case is extremely narrow. Rule 60(b) is not a substitute for a timely appeal and cannot be used to void a judgment, even on jurisdictional grounds, "when a party had a prior opportunity to contest on those grounds but failed to do so." Donley v. Donley, 165 Vt. 619, 620 (1996) (mem.).

In any event, we conclude that there are no grounds to invalidate the divorce. A spouse seeking divorce may file a complaint for divorce "alleging anticipatory grounds therefor." Ragosta v. Ragosta, 143 Vt. 107, 110 (1983). Thus, it is not necessary that the six-month separation period elapse prior to filing the complaint. "What is required is that, at the time of the hearing on the merits, the complainant must be able to prove sufficient facts to make out the claim alleged in the complaint." Id. Here, even accepting husband's contention that the parties did not separate until May 2, 2006, the six-month separation period had more than passed by the time of the final hearing on March 2, 2007.

Husband also argues that the court erred in denying him contact with his child and that this amounted to an unconstitutional termination of his parental rights. This argument was not raised in husband's January 21, 2011 motion, which resulted in the court's February 8 order. Because only the February 8 order was appealed, husband's argument regarding parent-child contact is beyond the scope of this appeal.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice