## Edmond R. Richard v. Elsbeth S. Richard

[501 A.2d 1190]

No. 83-443

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed September 13, 1985

*Peter E. Yeager* of *Rexford & Kilmartin*, Newport, for Plaintiff-Appellee.

*Swainbank, Morrissette, Neylon & Hickey*, St. Johnsbury, for Defendant-Appellant.

**Gibson, J.** ▮ In obtaining a divorce after ten years of marriage, defendant sought maintenance payments to meet her needs of about $10,000 a year. The trial court enforced the terms of a prenuptial agreement, which dealt only with property interests of the parties, but the court awarded no additional relief. The court found that defendant received $4176 quarterly in dividend income; however, uncontroverted evidence establishes that the $4176 was an annual—not quarterly—figure. Thus, the court ap-

pears to have overestimated defendant's gross income by $12,528 a year. This material finding of fact was clearly erroneous and must be set aside. *Jacobs* v. *Jacobs,* 144 Vt. 124, 126, 473 A.2d 1165, 1167 (1984); V.R.C.P. 52(a).

Plaintiff contends that the erroneous finding could simply have been a clerical mistranscription from an exhibit, and thus was not a "clearly erroneous" interpretation of the evidence. Even if the court mistook these facts, plaintiff adds, they were but a part of many facts considered, and the court could in its discretion have reached the same result nonetheless.

The determinative question is not whether the court could have reached the same result even if it had not erred; rather, the question is whether correct attention to the issue could have *changed* the result. See *Kopelman* v. *Schwag*, 145 Vt. 212, 214, 485 A.2d 1254, 1255 (1984).

Our function on appeal is to review the trial court's actions in order to determine whether its exercise of discretion was proper. *Savery* v. *Savery*, 134 Vt. 391, 391-92, 360 A.2d 58, 58-59 (1976). The purpose of findings is to provide a clear statement as to what was decided and why; where no indication appears of the method employed and weight accorded various factors, remand is necessary. *Page* v. *Smith-Gates Corp.*, 143 Vt. 280, 283, 465 A.2d 1102, 1104 (1983); see also *Arnold* v. *Arnold*, 141 Vt. 118, 120, 444 A.2d 890, 891-92 (1982). The findings in this case do not assure us that the court's substantial miscalculation would have had no effect. The ambiguity from which plaintiff seeks to benefit requires reversal.

Because this case will be retried, we also address defendant's appeal of the refusal of the assistant judges to disqualify themselves from the case. The two assistant judges candidly disclosed in open court that they had known plaintiff slightly for ten years or more, Judge Rooney having played golf with plaintiff on three or four occasions during this period and Judge Nelson indicating that he had run into plaintiff from time to time and visited with him on occasion. When defendant requested that they not sit, the assistant judges both felt they could be impartial and rejected her request.

Recusal is normally a decision to be made by the particular judge. See *Daitchman* v. *Daitchman*, 145 Vt. 145, 146-47, 483 A.2d 270, 271 (1984) (affirming assistant judge's refusal to recuse herself). Although the ultimate test is whether the judge can de-

cide the case impartially and without bias, *id.* (following *Leonard v. Willcox,* 101 Vt. 195, 215, 142 A. 762, 771 (1928)), "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . . ." Code of Judicial Conduct, 12 V.S.A., App. VIII, A.O. 10, Canon 3(C)(1) (Supp. 1985).

Absent a procedure in Vermont for referral of close questions to another judge, we reaffirm this Court's statement in *Condosta v. Condosta,* 137 Vt. 35, 36, 401 A.2d 897, 898 (1979), that, "if the slightest question exists, all doubts should be resolved" in favor of disqualification. We interpret this standard to require the disqualification of a judge whenever a doubt of impartiality would exist in the mind of a reasonable, disinterested observer. A motion that "is frivolous, or made to delay proceedings, or has no foundation justifying recusal" should be denied. *Id.*

Although "[s]uch a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties," *In re Murchison,* 349 U.S. 133, 136 (1955), only by thus satisfying the public appearance of justice can a court "perform its high function in the best way." *Id.* (citing *Offutt v. United States,* 348 U.S. 11, 14 (1954) ("justice must satisfy the appearance of justice"), and *Tumey v. Ohio,* 273 U.S. 510, 532 (1927) ("Every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear and true . . . denies . . . due process of law.")).

█ In this case, the assistant judges considered their acquaintance with the plaintiff a serious enough matter to bring to the attention of the defendant. If a relationship is substantial enough to merit disclosure by the judge and invite a motion for recusal, then, when such a motion is made, the disclosing judge should, as a general rule, disqualify himself. We are unable to say, on the record before us, that all doubts of impartiality would have been erased from the mind of a reasonable, disinterested observer. Accordingly, Assistant Judges Rooney and Nelson should not sit on further proceedings herein.

*Reversed and remanded for a new hearing on disposition of property and payment of maintenance.*