# State of Vermont v. Gordon Hunt

[527 A.2d 223]

No. 85-235

Present: **Hill and Gibson, JJ.**

Opinion Filed February 4, 1987

*Terry Trono*, Washington County State's Attorney, Barre, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

## MEMORANDUM DECISION

Defendant has moved for our recusal in connection with his motion to depose Superior Judge James L. Morse. Subsequent to the December 31, 1986 hearing in this matter, the Judicial Conduct Board filed a formal charge, alleging that our failure to disqualify ourselves from that hearing constituted a violation of the Code of Judicial Conduct. Because defendant's attorney will of necessity be a witness in the Judicial Conduct Board hearings, we have no choice at this time but to recuse ourselves from further proceedings herein.

In reaching this decision, we note that the case of *Richard v. Richard*, 146 Vt. 286, 501 A.2d 1190 (1985), cited by defendant, did not decide the question whether media reports based on unnamed sources justified recusal. We mention this because defendant's motion to depose Judge Morse and his request that we disqualify ourselves from further participation in this appeal are both based primarily on "published reports" in the media.

Since 1920, courts from the United States Supreme Court on down have with near uniformity rejected unsupported opinion, baseless conclusions, rumors, gossip and hearsay as a proper basis for a recusal motion. See, e.g., *Berger v. United States*, 255 U.S. 22, 33-34 (1921); *United States v. Haldeman*, 559 F.2d 31, 134 (D.C. Cir. 1976), *cert. denied sub nom. Ehrlichman v. United States*, 431 U.S. 933 (1977); *Hodgson v. Liquor Salesmen's Union Local No. 2*, 444 F.2d 1344, 1349 (2d Cir. 1971); *Roussell v. Tide-*

*lands Capital Corp.*, 438 F. Supp. 684, 690 (N.D. Ala. 1977); *United States* v. *Partin*, 312 F. Supp. 1355, 1360 (E.D. La. 1970).

Numerous courts have rejected media reports as a proper basis for a recusal motion. See, e.g., *United States* v. *Greenough*, 782 F.2d 1556, 1558-59 (11th Cir. 1986); *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981); *United States* v. *Olander*, 584 F.2d 876, 882-84 (9th Cir. 1978), *vacated on other grounds sub nom. Harrington* v. *United States*, 443 U.S. 914 (1979); *Haldeman*, 559 F.2d at 134-36; *In re Union Leader Corp.*, 292 F.2d 381, 385-89 (1st Cir.), *cert. denied*, 368 U.S. 927 (1961); *United States* v. *Alabama*, 582 F. Supp. 1197, 1208 (N.D. Ala. 1984), *aff'd*, 762 F.2d 1021 (11th Cir. 1985); *United States* v. *Fujimoto*, 101 F. Supp. 293, 296 (D. Hawaii 1951).

One case explained why this is so:

> Although public confidence may be as much shaken by publicized inferences of bias that are false as by those that are true, a judge considering whether to disqualify himself must ignore rumors, innuendos, and erroneous information published as fact in the newspapers. . . . To find otherwise would allow an irresponsible, vindictive or self-interested press informant and/or an irresponsible, misinformed or careless reporter to control the choice of judge.

*In re United States*, 666 F.2d at 695 (citations omitted). See also *Memorandum of Rehnquist, J.*, 409 U.S. 824, 837 ("a federal judge has a duty to *sit* where *not disqualified* which is equally as strong as the duty to *not sit* where *disqualified*") (emphasis in original) (citations omitted), *denying motion to recuse* in *Laird* v. *Tatum*, 408 U.S. 1 (1972). Further, the Code of Judicial Conduct requires that "[a] judge . . . should be unswayed by partisan interests, public clamor, or fear of criticism." A.O. 10, Canon 3.A.(1).

Thus, if no other facts but these reports were before us, we would violate our ethical duty and oath of office by recusing ourselves. If judges are quick to recuse themselves on improper grounds, the frequency of such recusals would only serve to undermine public confidence in the impartiality of all judges. Note, *Disqualification of Judges and Justices in the Federal Courts*, 86 Harv. L. Rev. 736, 747 (1973); Note, *Disqualification of Federal District Court Judges for Bias or Prejudice: Problems, Problematic Proposals, and a Proposed Procedure*, 46 Alb. L. Rev. 229,

244 (1981); see also *Town of East Haven* v. *Eastern Airlines, Inc.*, 304 F. Supp. 1223, 1225 (D. Conn. 1969) (federal recusal statute " 'is to be given the utmost of strict construction in order to safeguard the judiciary from frivolous attacks upon its dignity and integrity' ") (quoting *United States* v. *Valenti*, 120 F. Supp. 80, 83 (D.N.J. 1954)).

For 200 years our law has dictated that each individual judge decide according to the dictates of conscience the issue of his or her ability to sit impartially in judgment. Blackstone wrote: "The law will not suppose a possibility of bias or favour in a judge, who is already sworn to administer impartial justice, and whose authority greatly depends upon that presumption and idea." 3 W. Blackstone, Commentaries *361.

Our oath says we shall solemnly swear to do "no injury directly or indirectly to the Constitution or Government" of the State of Vermont. Canon 2.A. of the Code of Judicial Conduct states a judge should "comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." A.O. 10, Canon 2.A.

Where a disciplinary charge has been filed against a judge relating to a criminal case then pending before him, recusal is required. Although there is no doubt in our own minds that we could fairly and impartially decide the legal issues in the instant appeal, that is not the test. See *Hall* v. *Small Business Administration*, 695 F.2d 175, 179 (5th Cir. 1983) ("absence of actual prejudice" is not the test). We therefore recuse ourselves from further proceedings in this case.

*Motion to recuse granted.*