# Richard V. Perrott v. Marjorie Johnston; Marjorie Johnston v. Richard Perrott and David G. Buckley d/b/a Atlantic and Pacific Appraisals

[562 A.2d 459]

Nos. 88-085 and 88-439

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed April 28, 1989

*Robert E. Cummings, Jr.,* Bennington, for Appellee Richard Perrott.

*James Jamele,* Barre, for Appellant Marjorie Johnston.

**Peck, J.** Appellant, Marjorie Johnston, appeals from a denial of her motion for relief from judgment in a foreclosure proceeding brought by appllee, Richard Perrott. She also appeals the trial court's denial of her motion to continue in a separate action by appellant against the appellee, alleging "wrongful and fraudulent foreclosure." Separate notices of appeal were filed from the rulings on the motions in each action. The appeals have been consolidated here for review of the trial court's orders. V.R.A.P. 3(c). We affirm.

In October 1981, appellant purchased a commercial building in Bennington from the appellee for $100,000. The terms of the sale included a mortgage to the seller for $81,215. The building was

used for a restaurant called "Johnny's," and the mortgage collateral included the building and equipment used in the business. When appellant defaulted on the mortgage, appellee brought an action in foreclosure. Judgment was entered for appellee on August 31, 1983.

During the next three years, appellant, appearing pro se, filed various motions, including motions to set aside the judgment and to stay execution. On April 30, 1986, the motion for relief from judgment was filed. The motion was denied.

On April 30, 1986, appellant also filed a complaint against appellee and his appraiser. The action, for "wrongful and fraudulent foreclosure," was set for jury trial on July 5, 1988. At the opening of the trial, appellant's motion to continue was denied. When appellant was unable to proceed with her case, judgment was entered for appellee.

## I.

We first consider appellant's motion for relief from judgment. The burden is on appellant to demonstrate that the discretion of the trial court in denying her motion was withheld or abused. See *Reuther* v. *Gang,* 146 Vt. 540, 541, 507 A.2d 972, 973 (1986); *Estate of Emilo* v. *St. Pierre,* 146 Vt. 421, 423, 505 A.2d 664, 665 (1985). Absent such showing, the order of the trial court will be upheld. *Estate of Emilo,* 146 Vt. at 423, 505 A.2d at 665.

Appellant maintains (a) that the trial court's denial of relief was an abuse of discretion because strict foreclosure was inequitably applied in favor of appellee; and (b) that the court's discretion was improperly withheld where it failed to decide whether the assistant judge who heard appellant's case had a conflict of interest.

## A.

Appellant's first argument, that strict foreclosure was inequitably applied, attacks the findings of the trial court and, without naming it as such, claims fraud upon the court in two respects: that appellee caused appellant to default by using his influence as a town selectman to thwart her attempt to obtain a liquor license, and that the appraised value of the parcel entered into evidence by the appellee was false. The first allegation of fraud, regarding the reasons for default, was not presented in ap-

pellant's motion to the trial court and will not, therefore, be considered here. See *In re Johnston,* 145 Vt. 318, 321, 488 A.2d 750, 752 (1985).

Neither does the second allegation of fraud merit review. Appellant classifies the motion under the catch-all provision, V.R.C.P. 60(b)(6). That provision " 'is available only when a ground justifying relief is not emcompassed within any of the first five classes of the rule.' " *Levinsky* v. *State,* 146 Vt. 316, 317, 503 A.2d 534, 536 (1985) (quoting *Alexander* v. *Dupuis,* 140 Vt. 122, 124, 435 A.2d 693, 694 (1981)). We view appellant's claim as falling under V.R.C.P. 60(b)(3): "fraud . . ., misrepresentation, or other misconduct of an adverse party."

Requests for relief grounded in V.R.C.P. 60(b)(3), unlike those in provision (b)(6), must be brought before the court not more than one year after the judgment was entered. Judgment was entered on August 31, 1983, but the present motion was not filed until April 30, 1986. The aspect of the motion that alleged fraud upon the court was, therefore, untimely and the trial court's denial of the motion is affirmed. "[T]his Court will affirm a judgment which is correct even if the grounds stated in its support are erroneous." *Bills* v. *Wardsboro School District,* 150 Vt. 541, 544, 554 A.2d 673, 675 (1988); *Circus Studios, Ltd.* v. *Tufo,* 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984).

## B.

Appellant also raises as error the failure of the trial court to rule on the alleged bias of Assistant Judge Fox, who sat on the foreclosure proceeding. Appellant maintains that the assistant judge was a former business associate and long-time friend of the appellee, and should have recused himself. In appellant's motion, the issue was framed both as one of bias and as a failure of jurisdiction. On appeal the jurisdictional question has been dropped and only the bias issue is argued.

The claim of bias involved fact questions which were present and within the scope of discovery at the time of trial. When the motion was argued, however, no supporting evidence was entered, nor was the existing record used to support the allegations. Consequently, we are not directed, on appeal, to the transcript for evidence of the alleged alliance between Judge Fox and appellee. At the motion hearing, appellant refers only to "hearing of" a re-

lationship between the two. Since the assertion was never proved, it could not be refuted by appellee.

While relief from judgment under V.R.C.P. 60(b)(6) is to be liberally construed to avoid undue hardship or injustice, *Estate of Emilo,* 146 Vt. at 423, 505 A.2d at 665, the Court need not search for errors not supported by argument or pointed out in the record. See *In re Wright,* 131 Vt. 473, 490, 310 A.2d 1, 10 (1973). The allegation here is similar to the claim reviewed in *Condosta* v. *Condosta,* 136 Vt. 360, 362-63, 395 A.2d 345, 347 (1978), *appeal dismissed,* 440 U.S. 902 (1979). In *Condosta,* appellant asserted ex parte communications between appellee and members of the bench, but no evidence was entered and the claim of error was dismissed.

The long-standing practice in Vermont has been to rely on the "dictates of conscience" of each judge to recuse him- or herself,* *State* v. *Hunt,* 147 Vt. 631, 633, 527 A.2d 223, 224 (1987), keeping in mind that where a reasonable, disinterested observer would doubt the judge's impartiality, the issue is to be decided in favor of disqualification. *Richard* v. *Richard,* 146 Vt. 286, 288, 501 A.2d 1190, 1191 (1985). We have previously pointed out, however, that "courts from the United States Supreme Court on down have . . . rejected unsupported opinion, baseless conclusions, rumors, gossip and hearsay as a proper basis for a recusal motion." *Hunt,* 147 Vt. at 631, 527 A.2d at 223 (citations omitted). In *Condosta* we held that "[b]ias or prejudice is not made to appear solely by allegation, and disqualification is not here required. . . . Nothing in the record is pointed out to us as indicating prejudice . . . . This claim of error is not sustained." *Condosta,* 136 Vt. at 363, 395 A.2d at 347 (citation omitted). Our conclusion is the same in the instant case.

## II.

Appellant also appeals from the order of the trial court which denied a continuance in appellant's action against the appellee for "wrongful and fraudulent foreclosure." Appellant filed the

---

* While self-disqualification is still the general rule, the process has become more structured under V.R.C.P. 40(e) (effective March 1, 1988). See Reporter's Notes - 1988 Amendment, V.R.C.P. 40. The new rule, not in effect when appellant's case was heard or her motion ruled upon, provides for consideration of motions to disqualify by the Administrative Judge for Trial Courts.

complaint on April 30, 1986. It is her contention that she retained an attorney in May of 1988 to represent her at the trial, but that the attorney declined the case on Friday afternoon of Independence Day weekend. On Friday evening, appellant filed a motion for a continuance. The trial was to begin on Tuesday, July 5, 1988. The motion was heard before the jury was brought into the courtroom; it was denied and appellant declined to go forward with her case pro se. Judgment was entered for appellee, and a hearing was set on the counterclaim for damages.

■ Appellant argues that her predicament was unforeseeable and that the trial court's ruling was entirely unreasonable. "It is well settled that the 'granting of a continuance by the trial court is a matter of discretion'. . . [and that] the trial court's 'ruling must be upheld unless that discretion is exercised upon grounds clearly untenable, or . . . unreasonable.'" *Kokoletsos* v. *Frank Babcock & Son, Inc.* 149 Vt. 33, 35, 538 A.2d 178, 179 (1987) (citations omitted); see also *Leiter* v. *Pfundston,* 150 Vt. 593, 596, 556 A.2d 90, 92 (1988) (pro se litigant held to the same standard). We have examined, therefore, appellant's grounds for the continuance and the basis of the trial court's ruling.

The trial judge, before whom appellant had previously appeared, had reason to doubt appellant's credibility, especially in light of a history of similar last-minute motions on the part of appellant. Review of the docket in the foreclosure action reveals a tortuous path of post-judgment litigation, strewn with motions. We also note that, during the hearing to set aside the foreclosure judgment, appellant argued a similar set of facts, alleging that she could not find an attorney for the foreclosure proceeding and did not, therefore, have expert witnesses. The reasonableness of the court's ruling is further supported by appellant's subsequent request for a continuance on August 5, 1988. Seeking to delay the trial of appellee's counterclaim to the "wrongful foreclosure" suit, she again argued that her counsel could not be present, and that she wished to stay the proceeding upon filing an appeal.

This circuitous litigation supports the trial court's ruling. In *Leiter* we pointed out the obligation of the trial court to balance the rights of the respective parties, holding that it was within the trial court's discretion to refuse further delay. *Leiter* v. *Pfundston,* 150 Vt. at 596, 556 A.2d at 92 (denial of third continuance

upheld where defendant was pro se, out of state, and ill). We likewise find no abuse of discretion herein.

*Affirmed as to both proceedings.*