**In re Vincent ILLUZZI, Esq.**

[670 A.2d 1264]

No. 95-346

Present: *Gibson, Dooley, Morse and Johnson, JJ.*

December 6, 1995. Respondent Vincent Illuzzi has moved to recuse the four undersigned members of this Court from participating in the appeal of a Professional Conduct Board recommendation that he be disbarred. His alleged grounds for recusal are that (1) we filed the complaint that ultimately led to the Board's recommendation, (2) we are the defendants in a civil law suit he filed in federal district court, (3) our impartiality in this matter has been questioned in several newspaper articles and editorials, and (4) we have had political disagreements with respondent in his capacity as a member of the Vermont Senate.

Under normal circumstances, none of the stated grounds would warrant our recusal. Contrary to respondent's claims, we did not direct bar counsel to file misconduct charges against him; rather, we merely asked the Board to determine whether respondent's unfounded complaints against a trial court judge violated the Code of Professional Responsibility, given the circumstances surrounding the filing of the complaints. The distinction is significant. See *Goldman v. Bryan*, 764 P.2d 1296, 1300-01 (Nev. 1988) (supreme court justices were not disqualified from hearing appeal of decision removing judge from office where letter and document signed by justices referred to judge's disciplinary proceedings but did not suggest that justices had prejudged case); *In re Robinson*, 247 S.E.2d 241, 245-46 (N.C. Ct. App. 1978) (where

judge's notice of misconduct charges against attorney contained language indicating that judge had prejudged matter, judge was required to remove himself from disciplinary proceeding; had judge merely provided notice of charges, disqualification would not have been required). Further, requiring a judge's disqualification "merely because a *litigant* sues or threatens to sue" the judge would permit manipulation of the court and judge shopping. *In re Vermont Supreme Court Admin. Dir. No. 17*, 154 Vt. 217, 226, 576 A.2d 127, 132 (1990); cf. *Ball v. Melsur Corp.*, 161 Vt. 35, 39, 633 A.2d 705, 709 (1993) (recusal not mandated whenever judge is subject of judicial conduct complaint by attorney). Moreover, media reports, such as the ones cited by respondent, that are generated by unnamed sources and based on unsupported opinions, rumors, and innuendos, generally are not a proper basis for recusal because they allow self-interested or vindictive informants and/or misinformed or irresponsible reporters to control the choice of judge. *State v. Hunt*, 147 Vt. 631, 631-32, 527 A.2d 223, 223-24 (1987). Finally, we specifically reject the notion that the political disagreements claimed by respondent are related in any way to the grounds for the Board's action or our letter to the Board. This proceeding relates solely to respondent's actions in the Judicial Conduct Board, an arm of the judicial branch, and not to his legislative or other actions.

Nevertheless, we cannot ignore the fact that respondent's status as a state senator and his suit against us have triggered numerous media reports focusing on his treatment by the judicial branch. Although we have no doubt that we could fairly and impartially decide this matter, these unique circumstances have created a climate in which a reasonable, disinterested member of the public could doubt our impartiality. See Admin. Order No. 10, Canon 3E(1) (judge shall be disqualified in proceeding in which judge's impartiality might reasonably be questioned); *Ball*, 161 Vt. at 39, 633 A.2d at 709

(standard in Canon 3E(1) is met whenever doubt of impartiality would exist in mind of reasonable, disinterested observer). Accordingly, we recuse ourselves to refocus the case on the issue of respondent's conduct.