Albyn v. Hometown Plumbing, No. 764-10-10 Rdcv (Teachout, J., Feb. 28, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Rutland Unit**                                        **Docket No. 764-10-10 Rdcv**

**Mary Albyn**
        **Appellant**

        **v.**

**Hometown Plumbing**
        **Appellee**

## SMALL CLAIMS APPEAL
### DECISION

Appellant Mary Albyn, plaintiff below, appeals from a judgment of the Small Claims Court dated September 13, 2010. The Small Claims Court entered judgment for Defendant Richard Fox d/b/a Hometown Heating. On appeal, Ms. Albyn argues that the Small Claims Court erred by misapplying the law of negligence and not properly weighing her evidence.

It is not the function of the Superior Court to substitute its own judgment for that of the Small Claims Court Judge. Rather, the role of the Superior Court is to determine whether or not the evidence presented at the hearing supports the facts that the Judge decided were the credible facts, and whether or not the Judge correctly applied the proper law and procedure.

*Proceedings Before Small Claims Court*

Ms. Albyn filed her small claims complaint on February 19, 2010, alleging that Mr. Fox, d/b/a Hometown Heating, improperly installed a solar panel on her house. Mr. Fox filed an answer stating that the solar panel was installed correctly.

The Small Claims Court held a hearing on May 27, 2010. Ms. Albyn presented evidence concerning her dealings with Mr. Fox. Ms. Albyn desired to place a solar panel on her home to reduce her energy costs and contacted Mr. Fox, a licensed installer of solar panels. In July 2008, Mr. Fox gave Ms. Albyn an estimate of $9,100 for the installation of a new solar hot water system, which she accepted.

On August 5, 2008, Mr. Fox began the installation. There was disputed testimony about the parties' discussions as to where to place the solar panel. Ms. Albyn testified that she desired the solar panel be placed on the main roof of her house to attract the most sunlight. According to her, Mr. Fox warned her that this would be a difficult installation and that she would be liable if Mr. Fox injured himself in the process. Mr. Fox denied making such statements and testified that Ms. Albyn insisted the solar panel be placed on a side roof for aesthetic reasons. He testified that

he warned her that the panel would receive less direct sunlight in that location. The panel was ultimately installed on the side roof, where it did not receive direct sunlight until late morning because it was shaded by the main roof.

The installation was complete by the end of September 2008. Soon after, Ms. Albyn began to believe the solar hot water system was not working properly. She began to record temperature readings from the water tank connected to the solar panel, and she never received a reading above 61 degrees. Ms. Albyn contacted Mr. Fox about her problem, but she did not receive a satisfactory response. Ms. Albyn then contacted other solar installers to come look at her system. In March 2009, solar installer Karl Rosengrant determined that a switch that controlled glycol flow from the solar panel to the water tank had been installed upside down resulting in the hot glycol being disposed of as waste product before it could heat the water. Reinstalling this switch correctly enabled Ms. Albyn to receive temperature readings of up to 83 degrees, which was still below the 140 degrees she understood a properly operating system to be capable of producing.

Ms. Albyn informed Mr. Fox about this problem and the repair on March 25, 2009, when he and a representative from the solar panel manufacturer came to her house. They determined that the exterior pipes should be insulated. Mr. Fox subsequently performed this work, but it did not resolve the temperature problem. After further consultation with other solar installers, Ms. Albyn determined that her system had a glycol leak. On October 23, 2009, Mr. Rosengrant uninstalled the solar panel. Once he did so he determined that only 14 of the 30 tubes in the solar panel were correctly installed. He then remedied the problem and reinstalled the solar panel on the main roof. After the reinstallation, Ms. Albyn received temperature readings of up to 130 degrees.

Mr. Fox disputed the testimony that the solar panel was installed incorrectly. He testified that once the tubes were removed from the solar panel, as Mr. Rosengrant did during the reinstallation, they would cease to work properly. Ms. Albyn countered this testimony by pointing out that the solar panel was reinstalled with the same tubes and is now working satisfactorily.

The Small Claims Court Judge issued a written decision on September 13, 2010. She concluded that Mr. Fox properly installed the solar panel on the side roof at Ms. Albyn's insistence, and it was this choice of location that caused the low temperature readings. She, therefore, concluded that Mr. Fox did not breach his duty to Ms. Albyn and denied her claim for relief.

*Review of Legal Requirements*

On appeal, Ms. Albyn argues that the evidence presented at the small claims hearing does not support the Small Claims Court's conclusion that Mr. Fox was not liable for any costs she incurred in making the solar panel fully operational. The Judge concluded that Ms. Albyn's decision to place the solar panel on the side roof rather than the main roof was the cause of her problems. This conclusion is not adequately supported by the Judge's findings; therefore, this case must be remanded for further proceedings.

Although this court applies a highly deferential standard of review when examining the Small Claims Court's judgment, the Small Claims Court's findings must be supported by the evidence. *Brandon v. Richmond*, 144 Vt. 496, 498 (1984). "The purpose of findings is to provide a clear statement as to what was decided and why." *Richard v. Richard*, 146 Vt. 286, 287 (1985). If the findings are not adequate to support the judge's conclusion, the case must be remanded. *Kanaan v. Kanaan*, 163 Vt. 402, 407 (1995); see also *Bartley-Cruz v. McLeod*, 144 Vt. 263, 265 (1984) (Underwood, J., dissenting) ("Because of the informality of the proceedings in small claims court, 12 V.S.A. § 5531(a), and because often the parties are unrepresented by attorneys, adequate findings are imperative for meaningful appellate review.").

The Judge's finding here that the location of the solar panel was the root cause of the failure of the solar heating system to work as intended is not sufficiently explained in light of all the evidence. Ms. Albyn presented detailed and undisputed evidence of the daily temperature readings of her solar water system. For the six months between the installation of the solar panel and Mr. Rosengrant's first repair, the temperature was never greater than 61 degrees. Although Mr. Fox testified that due to placement of the solar panel on the side roof it would receive less sunlight and be less efficient, he did not testify that the side roof placement, which did receive sunlight for a good portion of the day, would cause the system to be totally ineffective as was shown by Ms. Albyn's temperature records. The Judge made no findings that explained the necessary causal link between the placement of the solar panel on the side roof and the low temperature readings.

The Judge's findings also did not address all of the evidence introduced at the hearing. This was error. See *Am. Trucking Assoc., Inc. v. Conway*, 142 Vt. 17, 21-23 (1982) (remanding when trial court's findings failed to address all the critical evidence presented in the record). For instance, Mr. Fox did not dispute the testimony that indicated a switch had been installed upside down causing the heat generated by the solar panel to be dumped immediately out of the system before it could warm the water. The findings did not address this issue. Nor did they address Ms. Albyn's testimony that only 14 of 30 tubes in the solar panel were installed correctly. Without addressing this evidence, the findings here were insufficient to show "what was decided and why." *Richard v. Richard*, 146 Vt. 286, 287 (1985).

In light of the inadequacy of the findings, the Small Claims Court's conclusion that "the solar panel was properly installed by defendant on the smaller southern exposed roof" is untenable. This case is remanded for additional findings of fact and conclusions of law.

ORDER

The Judgment of the Small Claims Court dated September 13, 2010, is *reversed* and *remanded*. The Judge may, in her discretion, issue more detailed findings and conclusions based on the evidence at the May 27, 2010 hearing, or may reopen the evidence to take more testimony prior to issuing a decision.

Dated at Rutland, Vermont this ___ day of _____, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge

4