*Fowler v. Office of Professional Regulation*, No. 758-12-14 Wncv (Teachout, J., July 29, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 758-12-14 Wncv** |

**JESSE L. FOWLER**
    **Appellant**

    **v.**

**OFFICE OF PROFESSIONAL REGULATION**
    **Defendant**

### DECISION ON APPEAL

An Office of Professional Regulation (OPR) hearing officer revoked Appellant Jesse Fowler's license to practice tattooing in October 2012 for unprofessional conduct including and related to a drug addiction. The terms of the revocation permitted him to apply for reinstatement, on terms, after a two-year period of sobriety and no sooner than three years. After about one year of sobriety and before reaching three years of revocation, Mr. Fowler and the OPR prosecuting attorney stipulated to the immediate reinstatement of his license (on conditions). The stipulation recognizes Mr. Fowler's commitment to and success with the treatment of his addiction issues and the support of his treatment providers and probation officer. The parties presented the stipulation to the hearing officer for consideration. Following a hearing, the hearing officer, finding no persuasive grounds for relief under Rule 60(b)(6), denied the request to alter the terms of the discipline originally imposed. Mr. Fowler appealed.

*Background*

Mr. Fowler openly acknowledges a history of drug addiction, although at present he has not used for some time. In 2006, his license was conditioned based on a conviction related to illegal drug activity. It was further conditioned in 2010 due to drug use. In 2012, he relapsed, failed to participate in drug screens and provide treatment reports as required by license conditions, failed to inform his employer that his license was conditioned, left a treatment facility against medical advice, and was arrested by his probation officer. These events led to the disciplinary action that is at issue in this case.

The hearing officer in the disciplinary case imposed a serious sanction: license revocation for at least three years with reinstatement conditioned on (1) continuous sobriety for at least two years, (2) the support of a licensed substance abuse professional, and (3) no criminal charges or convictions within two years of reinstatement. The hearing officer described his rationale as follows:

> It appears to the Administrative Law Officer that conditions and suspension of the
> Respondent's license have not provided the incentive to the Respondent to

comply with the conditions, to maintain the possible return of his license within a set period of time, or to maintain sobriety. The Respondent has had an adequate opportunity to work under conditions to receive the return of his license. Instead, the Respondent has violated the conditions, has worked as a tattooist during periods in which the conditions were not satisfied, and has not maintained sobriety. It appears to the Administrative Law Officer that license suspension (in addition to not being followed) did not protect the public from treatment by a professional who suffers from uncontrolled addiction.

Disciplinary Decision 2 (dated Oct. 19, 2012). It is clear that the seriousness of the sanction resulted not just from the events of 2012 in isolation but from consideration of the persistent history of addiction and resulting disciplinary problems.

Mr. Fowler appealed the hearing officer's decision to this court, which affirmed on May 29, 2013. By October 2014, Mr. Fowler had established a more than one-year record of success with treatment and he persuaded the OPR prosecuting attorney that he could be reinstated, with appropriate conditions, and would present no unreasonable risk to public safety. See Transcript of Nov. 7, 2014 Hearing 7. They so stipulated and the hearing officer held a hearing. The hearing began with discussion over what standard or procedure controlled the consideration of the parties' request to modify the final sanction order. The hearing officer eventually concluded that the request fell under Rule 60(b)(6).

In his Rule 60(b) decision, the hearing officer recognized that he had authority to modify the final disciplinary decision in extraordinary circumstances. He explained, however, that no such circumstances were present. The sanction anticipated two continuous years of sobriety and freedom from criminal charges prior to reinstatement. While treatment was proceeding well, Mr. Fowler was only at about one year of sobriety and freedom from criminal charges at the time of the request. The hearing officer explained that the request was to fundamentally reduce the duration of the sanction but no change of circumstances was offered in support of such a change. Mr. Fowler's success with treatment was anticipated by the sanction. It was not an unexpected event that changed the circumstances and made the sanction order inequitable. The hearing officer denied the stipulated request and Mr. Fowler appealed.

*Analysis*

On appeal, Mr. Fowler essentially argues that the three-year revocation is unduly harsh and that the hearing officer abused his discretion by denying relief as stipulated by the parties. He argues that the sanction requires two years of sobriety but the revocation lasts at least three years. The third year, he argues, is merely punitive. He also argues that the hearing officer confused some of the historical facts, that his counsel in the disciplinary case was ineffective, and that the underlying sanction violates the Americans with Disabilities Act.

Rule 60(b) is the only mechanism available by which to alter or amend the sanction decision once it became final. The OPR Administrative Rules of Practice include no procedure for relief from a final judgment. Rule 2.4 says that procedures not governed by the OPR Rules

2

are governed by the Vermont Administrative Procedures Act (APA) and, if the APA does not apply, then the Rules of Civil Procedure control, subject to exceptions that do not apply in this case. The APA includes no relevant procedure. Therefore, the Rules of Civil Procedure apply.

V.R.C.P. 60(b) (Relief from Judgment or Order) provides, in relevant part, as follows:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake . . .; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, *or it is no longer equitable that the judgment should have prospective application*; or (6) *any other reason justifying relief from the operation of the judgment*.

V.R.C.P. 60(b) (emphasis added). The hearing officer purported to analyze the stipulation under Rule 60(b)(6), the catch-all provision. The parties' stipulated request appears to fit better under Rule 60(b)(5), which applies when "it is no longer equitable that the judgment should have prospective application."

This portion of Rule 60(b)(5) is "based on the historic power of a court of equity to modify its decree in the light of changed circumstances." 11 Wright & Miller, Fed. Prac. & Proc. Civ. § 2863 (3d ed.). Relief requires a final order granting prospective relief (as in this case) and a "strong showing" that equity should accommodate the changed circumstances. The inquiry must focus on the equitable implications of the changed circumstances rather than reconsideration of the final order based on the circumstances then present. The U.S. Supreme Court has said of this form of relief: "We are not framing a decree. We are asking ourselves whether anything has happened that will justify us now in changing a decree. The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making. We are not at liberty to reverse under the guise of readjusting." *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).

While the hearing officer purported to analyze the stipulation under Rule 60(b)(6), the circumstances are better suited to Rule 60(b)(5). The hearing officer's analysis is consistent with Rule 60(b)(5) standards, and Rule 60(b)(6) is never applicable when one of the other five grounds is. *Perrot v. Johnston*, 151 Vt. 464, 466 (1989). On review, the court treats the hearing officer's decision as though it was made under Rule 60(b)(5).

The denial of the parties' stipulation was well within the hearing officer's discretion. As he concluded, there are no changed circumstances in this case that make the prospective effect of the sanction order inequitable. The order anticipated two years of continuous sobriety and at least three years of revocation prior to reinstatement. The third year, while it may seem punitive to Mr. Fowler, is reasonable to provide assurance of safety, given the lapses of the past. Mr. Fowler is well on his way to meeting the conditions for reinstatement, but progress towards reinstatement according to the terms of the order is not itself a change of circumstances that

3

makes the sanction inequitable.  There is no "strong showing" of a basis for changing the future application of the sanction order based on any unanticipated developments.  Rule 60(b)(5) relief is not available in these circumstances.

Otherwise, Mr. Fowler's arguments on appeal seek to undermine the sanction decision based on the circumstances that were present at the time of that decision.  To paraphrase the *Swift* case, Mr. Fowler is seeking to *reverse* the final sanction order rather than to *equitably adjust* its prospective effect based on changed circumstances.  Rule 60(b)(5) does not contemplate that sort of relief.  The time to challenge the sanction decision was on direct appeal from that decision.  Mr. Fowler did so and the decision was affirmed.

## ORDER

For the foregoing reasons, the decision of the hearing officer is *affirmed*.

Dated at Montpelier, Vermont this 28th day of July 2015.


_____
Mary Miles Teachout
Superior Judge