VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-280



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

MAY TERM,   2023

| | |
|---|---|
| Karen Cegalis\* v. Raymond E. Knutsen & Marilynn Knutsen | APPEALED FROM: |
| | Superior Court, Rutland Unit, Civil Division |
| | CASE NO. 238-4-15 Rdcv |
| | Trial Judge: Helen M. Toor |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the civil division's decision dismissing her complaint against defendants with prejudice due to plaintiff's failure to prosecute the case.  We affirm.

This civil case arose out of a long-running custody dispute between plaintiff and defendant Raymond Knutsen over their son, the facts of which we have related in four previous decisions and need not repeat here.  See Knutsen v. Cegalis, 2017 VT 62, 205 Vt. 144; Knutsen v. Cegalis, 2016 VT 2, 201 Vt. 138; Knutsen v. Cegalis, 2011 VT 128, 191 Vt. 546 (mem.); Knutsen v. Cegalis, 2009 VT 110, 187 Vt. 99.  In April 2015, plaintiff filed a complaint against Knutsen and his wife, alleging negligence, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and prima facie intentional tort.  Plaintiff claimed that defendants had falsely accused her of abusing son, alienated son with false stories of abuse, and prevented her from contacting son through those falsehoods.  Defendants counterclaimed for defamation.  The good-faith-and-fair-dealing claim was dismissed by the court.  Plaintiff's other claims were tried before a jury in June and July 2017.  The jury found in plaintiff's favor and awarded her $500.  Plaintiff moved for a new trial, and the court granted her motion.  Plaintiff was subsequently granted permission to amend her complaint to add a claim for defamation.

A new trial was initially scheduled for August 2018.  The court delayed the trial several times in response to requests by both parties.  It was eventually set for May 2020, but then had to be continued again due to the coronavirus pandemic.

In August 2021, plaintiff's counsel moved to withdraw, citing irreconcilable differences with his client.  The court granted the motion and ordered plaintiff to file a pro se notice of appearance or obtain a new lawyer.  At a hearing in September 2021, plaintiff told the court that she had retained new counsel who would be entering a notice of appearance that week.  She asked for a six-month extension of time for her new lawyer to prepare.  The court set a status conference for November 2021 to discuss the case with the new lawyer.

Defendants' attorneys appeared at the November hearing, but plaintiff did not. No lawyer had entered an appearance on plaintiff's behalf. The court issued an order dismissing the case for failure to prosecute and stating that plaintiff could file a motion to reopen for good cause within twenty-one days.

Plaintiff moved to reopen, asserting that court staff never sent her the hearing notice. The court found that plaintiff was not sent the notice because she had not filed a pro se notice of appearance. It granted the motion to reopen but stated it would dismiss the case if plaintiff did not file a notice of appearance. Plaintiff subsequently did so.

In January 2022, the court notified the parties that the case was scheduled for jury draw in February 2022. In response, plaintiff requested a six-month continuance so that she could obtain counsel. She stated that she had already contacted forty attorneys, but none of them had been able to take her case. After a hearing, the court granted the motion in part and moved the case to the May jury draw. The court warned that it would not grant any further extensions for plaintiff to find a lawyer or prepare for trial due to the age of the case. The court ordered plaintiff to come to the next pretrial conference with a list of witnesses she intended to call.

In April 2022, the court scheduled a five-day trial to begin on August 22, 2022. Jury draw had to be conducted over two separate days due to difficulties caused by the pandemic. The parties subsequently filed several motions in limine, which the court resolved in a July 2022 order, and submitted proposed exhibits in preparation for trial. On August 9, 2022, the court scheduled a status for the next day.

On August 10, 2022, plaintiff filed a motion to continue the trial for an unspecified amount of time so that she could find an attorney. She asserted that she was unable to attend a pretrial conference scheduled for that day because she was in hospital being treated for post-traumatic stress disorder. She stated that she had called over fifty lawyers but none had agreed to accept the case. She argued that it would be unfair for her to have to try the case on her own.

The court denied the motion in an order entered the following day. It noted that it had called the August 10 status conference because plaintiff had mentioned to court staff that she planned to drop the case rather than go to trial, and it wanted to avoid having the jury and parties come to court unnecessarily. It noted that plaintiff could have called in to the conference. The court stated that when plaintiff failed to appear, defendants' attorneys had orally moved to dismiss the case for lack of prosecution pursuant to Vermont Rule of Civil Procedure 41(b)(2). The court observed that the case had been pending for seven years and that plaintiff had had a year to obtain a new lawyer, a jury had been selected after two separate jury draws, and the court had ruled on multiple motions in limine. The court ordered plaintiff to respond to the motion to dismiss by August 12.

Plaintiff failed to respond to the motion to dismiss. The court nevertheless denied the motion, explaining that plaintiff's medical issues might explain her failure to respond. However, it warned that the trial would proceed on August 22 and that if plaintiff failed to appear, the case would be dismissed with prejudice.

On August 19, plaintiff filed another motion to continue the trial, asserting that the stress of having to try the case herself was putting her health at risk.

On August 22, the date that trial was scheduled to begin, plaintiff and the other parties appeared at court in person. Sixteen jurors were also present in the courthouse for the trial. The

court asked plaintiff if she had anything to say regarding her motion, and she stated that she was there against medical advice. Defendants' attorneys opposed a continuance, arguing that plaintiff had a year to obtain new counsel and that they had put in a great deal of effort to prepare for the trial. Plaintiff responded, "I am not ready. I do not have an attorney." The court denied plaintiff's motion to continue, noting that there was no documentation from a physician that plaintiff was unable to attend trial. Plaintiff argued that she had submitted her EKG results. The court responded that it could not interpret medical records without an expert to explain what they meant. The court stated that it was sympathetic to plaintiff's desire to have an attorney, but that many people represented themselves at trial. It reiterated that plaintiff had had a year to obtain new counsel and that it appeared unlikely that more time would lead to a different result. The court asked plaintiff if she was ready to proceed with trial, and plaintiff stated that she was not. The court explained that it would have to dismiss the case with prejudice, and plaintiff responded, "I understand." Defendant's attorney agreed that the court could dismiss his client's counterclaim. The court therefore dismissed the entire case with prejudice.

Plaintiff moved for reconsideration, which the court denied. In a written order, the court noted that plaintiff had presented no evidence that she was suffering from a medical issue that would prevent her from proceeding with the trial. It found that plaintiff's claim lacked credibility and was likely an attempt to avoid trial because she was unhappy with the court's rulings on her pretrial motions. The court further explained that it had warned plaintiff in January 2022 that no further extensions of time would be granted for plaintiff to obtain a lawyer; that the court had denied defendant's May 2022 request to continue jury draw; and that there was nothing to suggest that plaintiff's failure to obtain a lawyer would be remedied by more time, since she had already had a year to do so. This appeal followed.

Plaintiff claims that the trial court abused its discretion by denying her motion to continue and dismissing her case for lack of prosecution. Plaintiff argues that she acted diligently to obtain new counsel after her previous attorney withdrew in August 2021, but was told by attorneys that they were too busy to take on a new client due to a backlog caused by the pandemic. She asserts that she never intended to proceed without an attorney and believes she could not prosecute her claims without representation due to their complexity.

Vermont Rule of Civil Procedure 41(b) allows a trial court to dismiss a case if the plaintiff fails to pursue it. See Ying Ji v. Heide, 2013 VT 81, ¶ 5, 194 Vt. 546; see also V.R.C.P. 41(b)(2). We will uphold the court's decision to dismiss a case for want of prosecution unless an abuse of discretion is shown. State v. Snide, 144 Vt. 436, 440 (1984) (explaining that decisions on motions to dismiss under V.R.Cr.P. 41(b) and V.R.Cr.P. 48(b)(2) are reviewed for abuse of discretion). Likewise, we review the court's denial of a motion to continue for abuse of discretion. State v. Heffernan, 2017 VT 113, ¶ 18, 206 Vt. 261. "Abuse of discretion requires a showing that the trial court has withheld its discretion entirely or that it was exercised for clearly untenable reasons or to a clearly untenable extent." Vt. Nat'l Bank v. Clark, 156 Vt. 143, 145 (1991).

Applying this standard, we conclude that the trial court acted within its discretion both in declining to continue the trial and in dismissing the case for want of prosecution. The record shows that after plaintiff's attorney withdrew in August 2021, plaintiff told the court that a new attorney would be entering an appearance shortly, but that never occurred and she eventually entered a pro se notice of appearance. In January 2022, the court granted plaintiff's motion to continue the jury draw for several months so that she could obtain new counsel. It warned her at that time that it would not grant any further extensions of time for her to obtain counsel or

prepare for trial. At that point, the case was seven years old and had already been tried once. Plaintiff did not find new counsel, and the court and the parties proceeded with jury draw and other pretrial preparations, including the filing and resolution of numerous motions in limine. Despite the court's warning that it would not grant any more continuances due to plaintiff's lack of representation, just before trial was set to begin, plaintiff filed two more motions to continue the trial, arguing that the stress of having to proceed without an attorney had led her to be hospitalized. As the trial court noted, however, plaintiff did not file an affidavit or submit any competent evidence that she was unable to proceed due to a medical condition, and the court concluded that plaintiff was instead seeking to delay the case because she was unsatisfied with the court's rulings on the motions in limine. The court observed that plaintiff had proven herself capable of litigating the case, as evidenced by her active participation in the pretrial proceedings. It found that there was nothing to suggest that more time would allow her to find an attorney willing to take on her case. It therefore denied her motions to continue.

The record supports the court's decision, which was reasonable in light of the circumstances. See Perrott v. Johnston, 151 Vt. 464, 468-69 (1989) (holding court did not abuse discretion in denying plaintiff's motion to continue trial due to her attorney allegedly declining case days before trial, where court had reasons to doubt her credibility and motion appeared to be delay tactic); Leiter v. Pfundston, 150 Vt. 593, 596 (1988) (holding court acted within discretion in denying pro se defendant's motion to continue trial on ground of illness where she had previously received two continuances on that basis and plaintiff had right to present his case). The trial court has broad discretionary authority to control its case docket and judicial resources. See State v. Jones, 157 Vt. 553, 558-59 (1991) (explaining trial court "acts well within [its] duties to assure that the most effective use be made of the court's resources to supervise and control the movement of all cases on its docket from the time of filing through final disposition, and to apply sanctions when reasonable efforts to manage the court's caseload have failed" (alteration and quotation omitted)). The court in this case gave plaintiff ample time to retain new counsel. Although she claimed that proceeding to trial would be injurious to her health, she did not support this claim with any evidence. The court therefore acted within its discretion to avoid further delays and move the case toward resolution.

We further conclude that in light of the court's rulings and the procedural history recited above, the court acted within its discretion in dismissing the case when plaintiff appeared at trial but refused to proceed. "It is beyond dispute . . . that a [trial] court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial." Lewis v. Rawson, 564 F.3d 569, 580 (2d Cir. 2009) (quotation omitted); see also 9 C. Wright & A. Miller, Federal Practice & Procedure § 2370 (4th ed.) ("An action may be dismissed under Rule 41(b) if the plaintiff, without offering some explanation that is satisfactory to the court, fails to appear for trial or a significant hearing on the scheduled date, is not ready to present his or her case at trial, or otherwise refuses to proceed at the trial."). Moreover, "where a plaintiff refuses to proceed with trial following a [trial] court's unfavorable ruling on a request for continuance or in limine motion, . . . a [trial] court has no real choice but to dismiss the case." Lewis, 564 F.3d at 581 (alteration and quotation omitted); see also Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 364 (6th Cir. 1999) (affirming dismissal under federal version of Rule 41(b)(2) where plaintiff's attorney, among other actions, "attempted to force the court to grant a continuance by refusing to proceed on the day of trial"). Dismissal with prejudice was particularly appropriate here because a jury had been drawn. See Lewis, 564 F.3d at 581 (explaining that plaintiff's refusal to proceed with trial after jury has been drawn merits dismissal with prejudice to protect effectiveness of jury trial system and out of respect for jurors). We are cognizant of the history of plaintiff's custody dispute and her pro se status. However, "[t]he court does not abuse its discretion where it

4

enforces the rules of civil procedure equitably, even against a pro se litigant." <u>Bloomer v. Gibson</u>, 2006 VT 104, ¶ 14, 180 Vt. 397. The court acted within its discretion in denying plaintiff's requests for a continuance and in dismissing the case when plaintiff refused to go forward with the trial.

<u>Affirmed</u>.

BY THE COURT:

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Denise R. Johnson, Associate Justice (Ret.),
Specially Assigned