Filed 05/05/25

| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
|---|---|---|

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01167

---

**Steve Perrin v. Windham Southeast Supervisory Union et al**

---

## ENTRY REGARDING MOTION

Title:          Motion for Discovery Conference Pursuant to V.R.C.P. 16 (Motion: 15)
Filer:          Theodore C. Kramer
Filed Date:     February 06, 2025

This case arises out Plaintiff Steve Perrin's (Perrin) dismissal from employment as principal of Battleboro Union High School.  Perrin filed a Motion for Discovery Conference on February 6, 2025.  Defendants Windham Southeast Supervisory Union et al. (Union) filed a Memorandum in Opposition and a Supplemental Memorandum on February 24 and 25, 2025, respectively.  On March 11, 2025, Perrin responded with a Reply to Union's Memorandum in Opposition.

The ruling on the motion, for the reasons herein, is:

1.  Plaintiff's Motion for Discovery Conference is denied.

### Facts

In February 2023, Union dismissed Perrin from his position as principal.  Aimee Goddard, Esq. investigated the situation and issued findings before the initial termination.  Perrin appealed Union's decision to the Windham Southeast School District School Board (Board).  The Board affirmed the dismissal at a hearing held pursuant to 16 V.S.A. § 243(d).  Upon this decision, Perrin filed for review by this Court under V.R.C.P. 74.  Perrin's Complaint includes six causes of action: petition for review of governmental action pursuant to V.R.C.P. 74, breach of contract, wrongful termination[1], denial of due process 42 U.S.C. § 1983, intentional infliction of emotional distress, and defamation.

On October 31 and November 17, 2023, Perrin served discovery requests on Union and filed a Motion to Compel on February 7, 2024.  This Court denied the Motion on March 28, 2024.  In its ruling, the Court found that the information sought by Perrin was not relevant to the case and the requests were not proportionate to the needs of the case.  Specifically, the Court ruled that the information requested related to events that occurred prior to Perrin's termination

---

[1] This Court dismissed the Wrongful Termination cause of action.

Entry Regarding Motion                                                                 Page **1** of 4
23-CV-01167 Steve Perrin v. Windham Southeast Supervisory Union et al

hearing and thus could not be relevant because Perrin did not seek recusal at his termination hearing.  This Court later denied Perrin's Motion for Reconsideration on May 15, 2024.  Now, Perrin demands a discovery conference pursuant to V.R.C.P. 16(6) to consider the depositions of Lana Dever, Mark Speno, and Aimee Goddard, Esq.

## Discussion

### I.     The Motion for Discovery Conference is denied because Perrin seeks irrelevant information that is not discoverable.

The trial court "may" order a pretrial conference on the application of any party. V.R.C.P. 16.  "This language makes it clear that the utilization of the pretrial conference procedure lies within the discretion of the district court both as a matter of general policy and in terms of whether and when the rule should be invoked in a particular case."  6A Wright & Miller, Federal Practice & Procedure: Civil § 1523 (3d ed.).

Moreover, V.R.C.P. 26(b)(1) provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

To be discoverable, the requested information must relate to a claim or defense and be proportional to the needs of the case.  The party seeking the discovery bears the burden of demonstrating its relevance.  Once established, the party opposed must justify curtailing discovery on grounds of burden, expense, work product, or other privilege or exception.

Resolving a motion to compel discovery is within the discretion of this Court.  *Schmitt v. Lalancette*, 2003 VT 24, ¶ 9, 175 Vt. 284 ("[D]iscovery rulings are within the trial court's discretion.") (citing *Med. Ctr. Hosp. of Vt., Inc. v. City of Burlington*, 152 Vt. 611, 627 (1989)).

#### a.  Lana Dever's deposition testimony may not include questioning on issues the Court has already ruled on as irrelevant.

Perrin seeks to depose Lana Dever regarding alleged bias or her views of the 16 V.S.A. § 243(d) hearing.  This Court, in its March 28 and May 15 Orders, has already ruled that Perrin may not pursue discovery of Boardmembers' alleged bias because it is irrelevant.  Bias is not an issue here because Perrin did not seek recusal at his hearing based on incidents that occurred prior to the hearing.  Accordingly, Perrin may not question Lana Dever on bias issues relating to the 16 V.S.A. § 243(d) hearing.

Perrin continues to argue that bias is relevant in this suit.  Perrin ponders "[w]ould a judge ever preside over a case while under threat of suit from an interested party to that same

case? More to the point, would a judge ever preside over a bench trial while under threat of suit from an interested party?" Pl.'s Resp. to Def.'s Mem. in Opp'n to Disc. Conference Pursuant to V.R.C.P. 16. at ¶ 4 (filed Mar. 11, 2025). The Court disagrees. Recusal is not compelled merely because a litigant sues or threatens to sue a judge. See *In re Hunter*, 167 Vt. 219, 223 (1997) (citing *In re Illuzi*, 164 Vt. 623, 624 (1995) (mem.)). Nor is there a per se lack of impartiality, requiring recusal, when a judge is the subject of a judicial conduct complaint by an attorney or party appearing before the judge. *Id*. (citing *Ball v. Melsur Corp.*, 161 Vt. 35, 39 1993)). If this were the case, a litigant could seek disqualification of a judge merely with the threat of litigation and could "manipulate the court." *Vermont Supreme Ct. Admin. Directive No. 17 v. Vermont Supreme Ct.*, 154 Vt. 217, 226 (1990) (citing *State v. Rome,* 235 Kan. 642, 650, 685 P.2d 290, 296 (1984)).

### b. Likewise, Mark Speno's deposition questioning may not include questioning on irrelevant issues.

Perrin seeks to depose Superintendent Mark Speno on a myriad of issues. These issues include credibility of the accuser and relevant witnesses, inadequacies of the investigation conducted by Aimee Goddard, Esq. and the appropriateness of the Board's discipline. Again, individual Board members' involvement in Perrin's dismissal is irrelevant. Perrin has not established that any information gained from this line of questioning will be relevant to his claims currently before this Court.

V.R.C.P. 74(d) provides:

The record on appeal shall consist of the original papers and exhibits enumerated in 3 V.S.A. § 809(e) or, in the case of a proceeding not subject to that section, all writings and exhibits in the agency proceeding; a transcript of any oral proceedings; and, where required by law, a statement of the questions which the appellant desires to have determined.

Further, 3 V.S.A. § 809(e) lists:

(1) all pleadings, motions, intermediate rulings;

(2) all evidence received or considered;

(3) a statement of matters officially noticed;

(4) questions and offers of proof, objections, and rulings thereon;

(5) proposed findings and exceptions; and

(6) any decision, opinion, or report.

This Court will not allow Perrin to depose Mark Speno to relitigate issues of credibility that were already decided in the termination hearing. This Court will "uphold the Board's

factual findings unless clearly erroneous and its conclusions of law if reasonably supported by the findings." *Burch-Clay v. Taylor*, 2015 VT 110, ¶ 15, 200 Vt. 166. Since Perrin has raised due process challenges by appeal under 16 V.S.A. § 243(d), his challenges are based on the record before the Board. See *id*. at ¶ 28 (noting that challenges based on appeal under 16 V.S.A. § 243(d) are based on the record before the Board). Consequently, Perrin may not question Mark Speno on his opinions about the credibility of the accuser, the Board's conduct, investigation, or appropriateness of the Board's decision.

### c. Aimee Goddard, esq. may not be deposed over matters before the 16 V.S.A. § 243(d) hearing.

Because it is irrelevant to this matter, Aimee Goddard, Esq. may not be questioned about her investigation and fact-finding before the termination hearing. Perrin's claims arise under the procedures afforded to him at the § 243(d) hearing, not the Board's initial decision before the hearing. The process accorded to Perrin by the Board is contained in the hearing record. Perrin has failed to persuade the Court how this information would be relevant to his current claims. Thus, Perrin may not depose Aimee Goddard, Esq. on matters relating to her investigation or factual findings.

## ORDER

Perrin's Motion for Discovery Conference Pursuant to V.R.C.P. 16 is denied because the information he seeks to discover is irrelevant to this case.

**Signed electronically May 2, 2025 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**